IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VISION BANK

    Plaintiff,

vs.                                         CASE NO. 5:10cv45/RS-MD

JOHN K. LUKE and
GENE VENESKY,

    Defendants.
_____/

IMAGE PROPERTIES, LLC,

    Intervenor Plaintiff,

v.

VISION BANK,

    Defendant.
_____/

## ORDER

Before me is Plaintiff's motion to dismiss Defendants' counterclaim (Doc. 39).

## I. STANDARD OF REVIEW

In order to overcome a motion to dismiss, Defendants' counterclaim must allege enough facts to state a claim to relief that is plausible on its face. *See Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the counterclaim. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the counterclaim as true and in the light most favorable to the Defendants. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000), citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999).

## II. BACKGROUND

In 2004, Plaintiff extended a loan in the amount of $1,046,000.00 to Defendants John K. Luke and Gene Venesky to purchase a residential lot in Santa Rosa Beach, Florida. Defendants executed a promissory note as evidence of the loan. Image Properties contemporaneously executed a mortgage on the lot to secure the loan.[1] The promissory note was renewed twice. On March 4, 2010, following a default in payment, Plaintiff filed suit against Defendants for breach of contract under the most recent renewal note. Plaintiff did not seek to foreclose the mortgage on the property and made no claim against Image Properties.

---

[1] Defendants are managing members of Image Properties. Image Properties has intervened in this case and asserted five claims against Plaintiff.

Image Properties has entered into a contract to sell the mortgaged property to a third party for $530,000.00. It offered to use the net proceeds of the sale to partially pay the loan if Plaintiff would provide a complete satisfaction of the mortgage in exchange for partial payment. Plaintiff has refused to satisfy the mortgage for a partial payment.

Defendants have counterclaimed against Plaintiff for breach of the implied covenant of good faith and fair dealing. (Doc. 15). Defendants allege Plaintiff has breached its duty of good faith and fair dealing by refusing to satisfy the loan with the proceeds of the sale to the third party.

## III. ANALYSIS

A claim for breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract. *Centurion Air Cargo, Inc. v. United Parcel Service Co.*, 420 F.3d 1146, 1152 (11th Cir. 2005). Defendants admit that the promissory note explicitly permits Plaintiff to elect one or more of the available remedies available to it in the event of a default. (Doc. 43 at 3) Thus, the plain terms of the contract permit Plaintiff to elect only one remedy and choose to sue on the promissory note. This is consistent with Florida law, which permits a holder of a promissory note secured by real property to choose to pursue either an action on the note or an

action to foreclose the mortgage, or both. *See Mellor v. Goldberg*, 658 So.2d 1162, 1163 (Fla. 2d. DCA 1995); *Floorcraft Distributors v. Horne-Wilson, Inc.*, 251 So.2d 138, 140 (Fla. 1st DCA 1971).

Defendants have cited no authority that would require Plaintiff to foreclose on the property instead of suing on the note, nor have they cited any authority that would require Plaintiff to satisfy the mortgage for less than the full amount. Therefore, under no set of facts can Plaintiff be found to be in breach of the implied covenant of good faith and fair dealing.

## IV. CONCLUSION

Plaintiff's motion to dismiss Defendants' counterclaim (Doc. 39) is **granted**. The counterclaim is dismissed with prejudice.

**ORDERED** on June 29, 2010.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**