# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**VISION BANK**

    **Plaintiff,**

**vs.**                                             **CASE NO. 5:10cv45/RS-MD**

**JOHN K. LUKE and**
**GENE VENESKY,**

    **Defendants.**
_____/

**IMAGE PROPERTIES, LLC,**

    **Intervenor Plaintiff,**

**v.**

**VISION BANK,**

    **Defendant.**
_____/

## ORDER

Before me is Plaintiff Vision Bank's motion to dismiss Intervenor Plaintiff Image Properties' Complaint in Intervention (Doc. 40).

## I. STANDARD OF REVIEW

In order to overcome a motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the non-moving party. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000), citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999).

## II. BACKGROUND

In 2004, Vision Bank("Vision") extended a loan in the amount of $1,046,000.00 to John K. Luke and Gene Venesky to purchase a residential lot in Santa Rosa Beach, Florida. Luke and Venesky executed a promissory note as evidence of the loan. Image Properties ("Image") contemporaneously executed a mortgage on the lot to secure the loan.[1] The promissory note was renewed twice. On March 4, 2010, following a default in payment, Vision filed suit against Luke and Venesky for breach of contract under the most recent renewal note. Vision did

---
[1] Luke and Venesky are managing members of Image Properties.

not seek to foreclose the mortgage on the property and made no claim against Image.

Image has entered into a contract to sell the mortgaged property to a third party for $530,000.00. It has offered to use the net proceeds of the sale to partially pay the loan if Vision would provide a complete satisfaction of the mortgage in exchange for the partial payment. Vision has refused to satisfy the mortgage for partial payment.

On May 7, 2010, I granted Image's Motion to Intervene. Image's complaint in intervention (Doc. 26) alleges five claims against Vision. Vision has moved to dismiss all five counts.

### III. ANALYSIS

#### Count I

Count One of Image's complaint seeks a declaration that Vision's refusal to provide a release of the mortgage to Image constitutes an unreasonable restraint on alienation. "The test which should be applied with respect to restraints on alienation is the test of reasonableness." *Iglehart v. Phillips*, 383 So.2d 610, 614 (Fla. 1980). "The validity or invalidity of a restraint depends upon its long-term effect on the improvement and marketability of the property. Once that effect is

determined, common sense should dictate whether it is reasonable or unreasonable." *Id.*

In the instant case, the terms of the promissory note plainly do not contain any restraints on alienation. Furthermore, it is common practice and well settled law that a lender may first pursue a judgment on a promissory note, and then later file a separate action to foreclose the mortgage securing the note if the judgment is not satisfied. *Junction Bit & Tool Co. v. Village Apartments, Inc.*, 262 So.2d 659, 660 (Fla. 1972). Mortgages on real properties are commonly used instruments and do not in themselves constitute unreasonable restraints on alienation, despite the fact that that they place a cloud on the title of the property. Therefore, count one of Image's complaint fails as a matter of law.

## **Count II**

Count two of Image's complaint in intervention seeks a declaration that Vision has waived its rights or is estopped from asserting its rights against Image under the mortgage, since it has elected to sue on the promissory note rather than foreclose on property. Again, it is long established that election to sue on a note does not bar a subsequent suit for foreclosure of a mortgage, because an unsatisfied judgment does not constitute a remedy. *Junction Bit & Tool Co.* at 660. Therefore, as a matter of law Vision has not waived any rights against Image under the

mortgage, and Vision will not be estopped from asserting these rights at a later date, should it choose to pursue such an action.

## Count III

Count three of Image's complaint in intervention seeks rescission or cancelation of the mortgage as a result of frustration of purpose, or, in the alternative, because Vision is has waived or is estopped from enforcing its rights under the mortgage.[2] "'Frustration of purpose' refers to that condition surrounding the contracting parties where one of the parties finds that the purpose for which he bargained, and which purposes were known to the other party, have been frustrated because of the failure of consideration, or impossibility of performance by the other party." *Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc.*, 174 So.2d 614, 617 (Fla. 2d DCA 1965).

Image has alleged no specific actions by Vision to frustrate the purpose of the mortgage. Furthermore, the fact that the property has declined in value does not support a claim of frustration of purpose. Courts "have been careful not to find commercial frustration if it would only result in allowing a party to withdraw from a poor bargain." *Valencia Center, Inc. v. Publix Super Markets, Inc.*, 464 So.2d 1269, 1269 (Fla. 3d DCA 1985). The doctrine of commercial frustration "is predicated upon the premise of giving relief in situation where the parties could not

---

[2] The issue of waiver and estoppel is addressed *supra*, and as a matter of law Vision has not waived any rights against Image under the mortgage.

provide themselves by the terms of the contract against the happening of subsequent events, but it does not apply where the intervening event was reasonably foreseeable and could and should have been controlled by provisions of such contract." *Hilton Oil Transport v. Oil Transport Co., S.A.,* 659 So.2d 1141, 1147 (Fla. 3d. DCA 1995).

Finally, "the law is well settled that a condition precedent to the granting of the remedy of rescission is that the other party will be returned to his status quo." *Royal v. Parado,* 462 So.2d 849, 856 (Fla. 1st DCA 1985). "Generally, a contract will not be rescinded even for fraud when it is not possible for the opposing party to be put back into his pre-agreement status quo condition." *Id.* Image argues that it has not received any benefit from Vision, and therefore this requirement does not apply. To argue that receipt of a $1,046,00.00 loan by Image's managing members is not a benefit is simply not plausible and is not sufficient to satisfy this requirement of the law. Therefore, Image's claim for rescission of the mortgage fails as a matter of law.

## **Count IV**

Count four of Image's complaint in intervention seeks injunctive relief requiring Vision to provide Image with a release of the mortgage upon sale of the property to the third party purchaser. "Permanent injunctive relief requires three elements: (1) success on the merits; (2) continuing irreparable injury; and (3) no

adequate remedy at law." *Kenner v. Convergys Corp.*, 342 F.3d 1264, 1270 (11th Cir. 2003).

Image argues that without a release of the mortgage, the downturn in the economy might make sale of the property in the immediate future difficult. However, this difficulty is not a permanently "irreparable" harm. Furthermore, the repayment of the promissory note by Defendants Luke and Venesky could alleviate the problem of the mortgage on the property. Thus, Image has failed to allege an irreparable harm for which an injunction is necessary. In addition, Image has failed to successfully allege any other legal causes of action against Vision, making success on the merits impossible. Therefore, count four fails as a matter of law.

## Count V

Count five alleges a breach of the implied covenant of good faith and fair dealing for Vision's failure to agree to satisfy the mortgage on the property with the proceeds from the sale of the property, or transfer its lien from the property to the net proceeds of the sale. A claim for breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract. *Centurion Air Cargo, Inc. v. United Parcel Service Co.*, 420 F.3d 1146, 1152 (11th Cir. 2005). Image's complaint fails to allege any specific terms of the mortgage contract that Vision has violated. Furthermore, Image fails to cite any authority that would require Vision to satisfy

7

the mortgage for less than the full amount. Therefore, under no set of facts can Vision be found to be in breach of the implied covenant of good faith and fair dealing, and count five fails as a matter of law.

## IV. CONCLUSION

Vision's motion to dismiss Image's complaint in intervention (Doc. 40) is **granted**. The complaint in intervention (Doc. 26) is dismissed.

**ORDERED** on June 29, 2010.

> **/s/ Richard Smoak**
> **RICHARD SMOAK**
> **UNITED STATES DISTRICT JUDGE**